IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **DESHANTA HINTON,** | ) | Civil Action No.: AW-05-2425 |
| *Pro se* **Plaintiff,** | ) | |
| v. | ) | |
| **LANHAM FORD MOTOR COMPANY, et. al.,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION

This action involves a suit brought by *pro se* plaintiff DeShanta Hinton ("Hinton" or "Plaintiff") against Special Agent Paul Timko ("Timko"), Special Agent Karen Nester ("Nester"), and the Federal Bureau of Investigation (collectively, "Defendants") for violating her constitutional rights under 42 U.S.C. §1983 in the application and execution of a court warrant. Currently pending before the Court is Hinton's Motion for Default Judgment [25], Hinton's Motions to Take Judicial Notice [30 and 47], Defendants' Motion for Extension of Time [31], Defendant Lanham Ford Motor Company's Motion to Strike Surreply [32], Defendants' Motion to Dismiss [33], Hinton's Motion for Discovery [38], Hinton's Motion for More Definite Statement [39], Hinton's Motion to Appoint Counsel [40], Hinton's Motions for Extension of Time [46 and 48], Hinton's Motion to Amend/Correct [49], Hinton's Motion for Leave to Appeal in forma pauperis [54], Hinton's Motion to Stay [56], Hinton's Motion for Recusal [57], and Hinton's Motion to Expedite [58]. The Court has reviewed the entire record, as well as the Pleadings with respect to the pending motions. No

1

hearing is deemed necessary.  *See* Local Rule 105.6 (D. Md. 2004).

## FACTUAL AND PROCEDURAL HISTORY

The facts of this case are well stated in this Court's July 25, 2006 Memorandum Opinion [43].  However, by way of background, the Court will repeat them here.  Hinton is the daughter of Gregory Hinton, who was the subject of a Federal Bureau of Investigations ("FBI") bank robbery investigation which started in or around May 1997. Based on bank surveillance tapes and photographs, and the testimony of a confidential informant, the FBI focused on Gregory Hinton as the leader of a bank robbery gang, the "Jump Suit Guys."

During the investigation FBI agents observed Gregory Hinton operating a 1992 Ford conversion van bearing Maryland license plate number M246077. The van was registered to DeShanta Hinton. Nester initially believed DeShanta Hinton to be the wife of Gregory Hinton, but later determined her to be his daughter.

On December 22, 1999, Nester learned that the van broke down and was towed to the Lanham Ford Motor Company for repairs. The next day, December 23, 1999, the FBI obtained a court order from Magistrate Judge William Connelly to install a mobile tracking device on the van. FBI Agents presented the order to Lanham and were granted access to install the tracking device.

On April 18, 2000, a bank in Springfield, Virginia was robbed. FBI agents had reason to believe that Gregory Hinton was involved in the April 18th bank robbery. Using data from the tracking device FBI agents determined that the van left Gregory Hinton's residence earlier that morning and traveled to the home of Kenneth Johnson ("Johnson"), whom the FBI believed to be a member of the Jump Suit Guys. The van was parked at Johnson's residence during the time of the bank robbery and then traveled to Gregory Hinton's place of employment in Maryland.

Agents of the FBI followed Gregory Hinton from Maryland into the District of Columbia, where Timko questioned Gregory Hinton about his activities earlier that day. During the questioning Gregory Hinton consented to a search of the van which revealed approximately $42,500.00 in the back of the van. Gregory Hinton was immediately arrested and charged with bank robbery because the money was consistent in composition and denomination with the money taken during the bank robbery in Springfield, Virginia.

Later that evening, FBI agents interviewed Hinton in connection with her father's arrest. Agents specifically asked whether she used her van earlier that day. The van was towed to a secure facility and a search warrant was obtained to do a thorough search of the vehicle. The search produced additional evidence linking Gregory Hinton to the bank robbery on April 18, 2000.

Before his trial, Gregory Hinton unsuccessfully moved to suppress the evidence from the tracking device and the $42,500.00 found in the van, arguing that the court order allowing the installation of the tracking device was not supported by probable cause and that Timko did not obtain valid consent from Gregory Hinton to conduct a warrantless search of the van. Both motions were denied and Gregory Hinton was convicted of bank robbery in November of 2000.

Gregory Hinton's appeal, arguing that the district court erred in finding the April 18, 2000 search consensual, was rejected by the United States Court of Appeals for the Fourth Circuit in 2001. His petition to the Supreme Court was denied in June of 2004.

On September 2, 2005, Hinton filed this action pursuant to 42 U.S.C. § 1983, alleging that her constitutional rights were violated by the installation of the tracking device and subsequent searches of her vehicle. On July 25, 2006, this Court issued a Memorandum Opinion and Order dismissing, *inter alia*, Hinton's claims against Lanham Ford Motor Company as barred by the

applicable statute of limitations. Since that time, Hinton has filed several motions, including the instant Motion for Recusal [57].

### **STANDARDS OF REVIEW**

Under Rule 12(b)(6), dismissal of a complaint for failure to state a claim is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must review the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true. *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997); *Chisolm v. TranSouth Fin. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *Young v. City of Mount Ranier*, 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence…of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)"). Nor is the Court "bound to accept [Plaintiff's] conclusory allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. V. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Thus, a complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or if it alleges insufficient facts to support a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 12.08 at 2271 (2d ed. 1982)). Statutes of limitations defenses are appropriately raised in Rule 12(b)(6) motions to dismiss for failure to state a claim. *Williams v. Enterprise Leasing Co. of Norfolk/Richmond*, 911 F. Supp.

988, 992 (E.D. Va. 1995).  *See also Pantry Pride Enterprises, Inc. v. Glenlo Corp.*, 729 F.2d 963, 965 (4th Cir.1984) (affirming the dismissal under Rule 12(b)(6) on statute of limitations grounds).

## DISCUSSION

Hinton has filed a Motion for Recusal [57].  Before addressing the other pending motions, the Court must first determine if recusal is proper in this case.  The recusal standard is governed by 28 U.S.C. § 455(a), which provides that a judge or justice "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  The Fourth Circuit has adopted an objective standard which "asks whether the judge's impartiality might be questioned by a reasonable, well-informed observer who assesses 'all the facts and circumstances.'"  *Whitehead v. Viacom*, 233 F. Supp. 2d 715, 718 (D. Md. 2002) (quoting *Aiken County v. BSP Division of Envirotech Corp.*, 866 F.2d 661, 679 (4th Cir. 1989)).

Hinton bases her motion for recusal primarily on the grounds that the Court "has consistently shown partiality and favoritism to Defendant Lanham Ford Motor Company."  Aff. in Support of Mot. for Recusal ¶ 11.  Hinton has not presented a sufficient basis to question the impartiality of this Court with respect to this action.  Not only is Defendant Lanham Ford Motor Company no longer a party in this case, but the law is clear that "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 554 (1994).  Therefore, the Court will deny Hinton's Motion for Recusal.

Hinton's Motion for Default Judgment

On May 5, 2006, Hinton filed a Motion for Default Judgment against Defendants.  Under Rule 55(e) of the Federal Rules of Civil Procedure, no judgment for default can be entered against the United States, or any officer or agency thereof, absent proof of a claim or right to relief

satisfactory to the Court. Furthermore, on June 5, 2006, Defendants filed the instant Motion for Extension of Time to File an Answer [31]. The Court finds Defendants' request reasonable, and will therefore grant the extension of time. As a result, Hinton's Motion for Default Judgment is moot.

<u>Defendants' Motion to Dismiss</u>

In response to Hinton's Complaint, Defendants have filed the instant Motion to Dismiss [33], arguing primarily that Hinton's claims are barred by the applicable statute of limitations. A three year statute of limitations applies to *Bivens* claims and claims under 42 U.S.C. § 1983 in the State of Maryland. *Jersey Heights Neighborhood Ass'n v. Glendening*, 174 F.3d 180, 187 (4th Cir. 1999). The time of accrual of a *Bivens* cause of action is based on federal law. *Cox v. Stanton*, 529 F.2d 47, 49-50 (4th Cir. 1975). "Under federal law, a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corrections*, 64 F.3d 951, 955 (4th Cir. 1995)(en banc). The events surrounding Hinton's claims occurred in 1999 and 2000. Hinton did not file this suit until September 2, 2005, well outside of the three-year statute of limitations.

This Court addressed the statute of limitations question in its July 25, 2006 Memorandum Opinion and Order. In that Opinion the Court noted that Hinton's allegations

> relate to actions that took place in December 1999. Plaintiff initiated this lawsuit on September 2, 2005. However, Plaintiff was aware of her father's arrest, and the FBI's interest in her van on April 18, 2000, because FBI agents interviewed Plaintiff after her father's arrest. During the interview, the agents asked her whether she had used her van during the time period of the robbery. Plaintiff's van was then seized by the FBI to conduct a more thorough search. Finally, the fact that a tracking device was placed in her van was revealed at her father's trial and was the subject of one of her father's motions to suppress filed in July, 2000. Plaintiff knew in April 2000 that her van was seized by the FBI in relation to an investigation that dated back to 1997. Therefore, Plaintiff had enough information to begin an investigation to determine why the FBI was interested in searching her van. With reasonable diligence Plaintiff would have discovered the circumstances surrounding the installation of the tracking

6

device in her van. Plaintiff's failure to file a complaint within three years requires the dismissal of her claims . . . .

Mem. Op. at 8. As a result, the Court dismissed Hinton's claims against Defendant Landham Ford Motor Company. A review of the record reveals no reason why Hinton's claims against the remaining Defendants should not be similarly dismissed. Therefore, the Court will grant Defendants' Motion to dismiss.

Remaining Motions

Having dismissed Hinton's claims as barred by the statute of limitations, the Court does not and need not address the remaining claims. Consequently, these claims will be denied as moot.

## **CONCLUSION**

For the reasons stated above, the Court will DENY Hinton's Motion for Recusal [57], GRANT Defendants' Motion for Extension of Time [31], GRANT Defendants' Motion to Dismiss [33], and DENY-AS-MOOT the remaining motions [25, 30, 32, 38, 39, 40, 46, 47, 48, 49, 54, 56, and 58]. An Order consistent with this Opinion will follow.


February 28, 2007                                                              /s/
Date                                                                   Alexander Williams, Jr.
                                                                       United States District Judge